## McDevitt v. Latimore

*R. Thomas Strayer* and *John M. R. Ayres,* for plaintiffs.

*Andrew Davis Gleason,* for defendant.

*Daniel R. Lovette,* for deponents.

ABOOD, *J.,* May 5, 1980—On September 27, 1979, a judgment was issued for the McDevitts, plaintiffs, in the amount of $11,680. In November of 1979, John Evans and Patricia Sowerbrower were served with notices of deposition. The depositions were set for November 19, 1979. Evans and Sowerbrower both appeared for depositions but refused to testify at the direction of their attorney.

Neither Evans nor Sowerbrower were parties to the suit. They were both summoned to the depositions because counsel in the original action believe Evans and Sowerbrower possess information which would facilitate garnishment proceedings against the Kemper Insurance Company. It is the opinion of this court that the requested discovery is untimely.

In the case of Cole v. Wells, 406 Pa. 81, 177 A. 2d 77 (1962), the Supreme Court enunciated the principle that discovery is an ancillary process. The court feels that discovery may be pursued only in connection with a *pending* action. The Supreme Court dealt with this issue again in 1977 when they stated:

"It is axiomatic that an order of discovery to be valid must relate to the eliciting of information relevant to the pending lawsuit . . . 'this is because a bill for discovery in aid of a claim at law is wholly an ancillary proceeding, and if the asserted claim is itself invalid a bill for discovery in support of it must necessarily fall on demurrer.'" T.C.R. Realty, Inc. v. Cox, 472 Pa. 331, 339, 372 A. 2d 721, 725 (1977).

A suit must be pending in order for discovery to be permitted. Pa.R.C.P. 4003.1 also states that discovery may be permitted "which is relevant to the subject matter involved *in the pending action.*" (Emphasis supplied.)

In a garnishment proceeding a writ is filed to the same docket number as the case in chief. However, it is, at least in the factual scenario presented by the instant case, a separate proceeding. It is not the same situation as discovery in preparation of a new trial or for an appeal. These situations are mere extensions of the main case. Counsel for plaintiffs stated at the hearing on the motion for sanctions

that the discovery was desired to "help us in attempting to sue the insurance company." The court will not allow a fishing expedition to determine if a suit should be brought.

Based on a reading of the record and relevant case law it is the opinion of the court that a writ starting the garnishment proceedings should be filed first. Once the proceedings have begun any relevant discovery will be permitted.

Accordingly, the following order is entered.

ORDER

And now, May 5, 1980, pursuant to the foregoing opinion, the motion for sanctions filed on behalf of plaintiffs is hereby dismissed.